RONALD M. ARLAS, ESQ. #59091
ARLAS & SMITHTON
100 Wood Hollow Drive
Novato, CA 94945
(415) 878-5390
Fax (415) 878-3595
ron.arlas@greenpoint.com

EDWARD R. BUELL, ESQ. #240494
GREENPOINT MORTGAGE FUNDING, INC.
100 Wood Hollow Drive
Novato, Ca. 94945
(415) 878-5616
Fax (4150 878-3593
ted.buell@greenpoint.com

Attorneys for Defendants
GREENPOINT MORTGAGE FUNDING, INC.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAROUANE OUZIZ,<br><br>      Plaintiff,<br><br>      vs.<br><br>CORPORATION SERVICE COMPANY, et al.,<br><br>      Defendants. | Case No. 3:08-CV-02201-WHA<br><br>[Assigned for All Purposes to the Honorable Judge William H. Alsup]<br><br>ANSWER OF DEFENDANT GREENPOINT MORTGAGE FUNDING, INC. |

## ANSWER

Defendant GreenPoint Mortgage Funding, Inc. ("GPM") hereby answers the Complaint filed by Plaintiff Marouane Ouziz ("Plaintiff" or "Ouziz") on April 29, 2008. Except as expressly admitted herein, all allegations in the Complaint are denied.

## "PRELIMINARY STATEMENT"

1.      GPM admits that Plaintiff's claim is based on the Real Estate Settlement Procedures Act ("RESPA") and the Civil Racketeer Influenced Corrupt Organizations Act ("Civil RICO").

2.      GPM admits that the Complaint contains additional claims against defendants other than GPM for breach of fiduciary duty and "California Statutory, 'Deceit'".

### **"JURISDICTION AND VENUE"**

3.      Paragraph 3 states a conclusion of law to which no response is required.

4.      Paragraph 4 states a conclusion of law to which no response is required.

5.      Paragraph 5 states a conclusion of law to which no response is required.

6.      Paragraph 6 states a conclusion of law to which no response is required.

### **"STATUTORY FRAMEWORK OF RESPA"**

7.      Paragraph 7 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.  To the extent that paragraph 7 requires an answer, GPM admits only that the statute cited therein speaks for itself.  Except as expressly admitted herein, GPM denies the allegations in paragraph 7.

8.      Paragraph 8 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.  To the extent that paragraph 8 requires an answer, GPM admits only that the statute cited therein speaks for itself.  Except as expressly admitted herein, GPM denies the allegations in paragraph 8.

9.      Paragraph 9 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.  To the extent that paragraph 9 requires an answer, GPM admits only that the statute cited therein speaks for itself.  Except as expressly admitted herein, GPM denies the allegations in paragraph 9.

10.      Paragraph 10 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.  To the extent that paragraph 10 requires an answer, GPM admits only that the statute cited therein speaks for itself.  Except as expressly admitted herein, GPM denies the allegations in paragraph 10.

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.                                                                3:08-CV-02201-WHA

11.    Paragraph 11 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 11 requires an answer, GPM admits only that the statute cited therein speaks for itself. Except as expressly admitted herein, GPM denies the allegations in paragraph 11.

12.    Paragraph 12 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 12 requires an answer, GPM admits only that the statute cited therein speaks for itself. Except as expressly admitted herein, GPM denies the allegations in paragraph 12.

13.    Paragraph 13 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 13 requires an answer, GPM admits only that the statute cited therein speaks for itself. Except as expressly admitted herein, GPM denies the allegations in paragraph 13.

14.    Paragraph 14 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 14 requires an answer, GPM admits only that the statute cited therein speaks for itself. Except as expressly admitted herein, GPM denies the allegations in paragraph 14.

15.    Paragraph 15 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 15 requires an answer, GPM admits only that the statute cited therein speaks for itself. Except as expressly admitted herein, GPM denies the allegations in paragraph 15.

16.    Paragraph 16 states a conclusion of law to which no response is required and does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 16 requires an answer, GPM admits only

1   that the statutes cited therein speaks for themselves.  Except as expressly admitted herein, GPM

2   denies the allegations in paragraph 16.

3                                                      **"PARTIES"**

4       17.    (a)  Paragraph 17(a) does not contain any material allegations concerning GPM and,

5   on that basis, GPM does not respond to the statements contained therein.  To the extent that

6   paragraph 17(a) requires an answer, GPM lacks sufficient knowledge, information or belief to either

7   admit or deny the allegations contained in paragraph 17(a) and on that basis GPM denies the

8   allegations contained in said paragraph.  Except as expressly admitted herein, GPM denies the

9   allegations in paragraph 17(a).

10      18.    (a)  GPM denies that it was doing business as GreenPoint Funding, GreenPoint

11  Mortgage Funding and Greenpoint.  GPM admits that it did have a branch office located at 100

12  Wood Hollow Drive, Novato, California 94945 at the times relevant to this matter.

13          (b) GPM denies that it is or was a wholly owned subsidiary of Capital One Services at

14  any time herein relevant.  GPM denies that Capital One Services had a wholly-owned subsidiary

15  doing business as GreenPoint Funding, GreenPoint Mortgage Funding and Greenpoint during the

16  times relevant to this litigation.  GPM lacks information sufficient to either admit or deny the

17  location of the headquarters of Capital One Services and on that basis denies.

18          (c) Paragraph 18(c) does not contain any material allegations concerning GPM and,

19  on that basis, GPM does not respond to the statements contained therein.  To the extent that

20  paragraph 18(c) requires an answer, GPM lacks sufficient knowledge, information or belief to either

21  admit or deny the allegations contained in paragraph 18(c) and on that basis GPM denies the

22  allegations contained in said paragraph.  Except as expressly admitted herein, GPM denies the

23  allegations in paragraph 18(c).

-4-

1    (d) Paragraph 18(d) does not contain any material allegations concerning GPM and,

2    on that basis, GPM does not respond to the statements contained therein.    To the extent that

3    paragraph 18(d) requires an answer, GPM lacks sufficient knowledge, information or belief to either

4    admit or deny the allegations contained in paragraph 18(d) and on that basis GPM denies the

5    allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the

6    allegations in paragraph 18(d).

7

8    (e) Paragraph 18(e) does not contain any material allegations concerning GPM and,

9    on that basis, GPM does not respond to the statements contained therein.    To the extent that

10    paragraph 18(e) requires an answer, GPM lacks sufficient knowledge, information or belief to either

11    admit or deny the allegations contained in paragraph 18(e) and on that basis GPM denies the

12    allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the

13    allegations in paragraph 18(e).

14

15    (f) Paragraph 18(f) does not contain any material allegations concerning GPM and, on

16    that basis, GPM does not respond to the statements contained therein.    To the extent that paragraph

17    18(f) requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or

18    deny the allegations contained in paragraph 18(f) and on that basis GPM denies the allegations

19    contained in said paragraph.    Except as expressly admitted herein, GPM denies the allegations in

20    paragraph 18(f).

21

22    (g) GPM denies that Andrew Gale was at all times relevant to this matter the

23    designated officer of GPM.

24    (h) Paragraph 18(h) does not contain any material allegations concerning GPM and,

25    on that basis, GPM does not respond to the statements contained therein.    To the extent that

26    paragraph 18(h) requires an answer, GPM lacks sufficient knowledge, information or belief to either

27    admit or deny the allegations contained in paragraph 18(h) and on that basis GPM denies the

28

-5-

allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the allegations in paragraph 18(h).

19.    GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 19 and on that basis GPM denies the allegations contained in said paragraph.

20.    GPM admits that at all times relevant to this action it made residential loans, including "federally related loans" as defined by RESPA.    GPM lacks sufficient knowledge, information or belief as to whether or not each of the other defendants listed in paragraph 20 made residential loans or "federally related loans" as defined by RESPA and on that basis denies said allegations contained in said paragraph.

21.    Paragraph 21 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.  To the extent that paragraph 21 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 21 and on that basis GPM denies the allegations contained in said paragraph.  Except as expressly admitted herein, GPM denies the allegations in paragraph 21.

22.    Paragraph 22 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.  To the extent that paragraph 22 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 22 and on that basis GPM denies the allegations contained in said paragraph.  Except as expressly admitted herein, GPM denies the allegations in paragraph 22.

23.    Paragraph 23 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.  To the extent that paragraph 23 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.                                                                3:08-CV-02201-WHA

the allegations contained in paragraph 23 and on that basis GPM denies the allegations contained in said paragraph. Except as expressly admitted herein, GPM denies the allegations in paragraph 23.

24.    Paragraph 24 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 24 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 24 and on that basis GPM denies the allegations contained in said paragraph. Except as expressly admitted herein, GPM denies the allegations in paragraph 24.

25.    Paragraph 25 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 25 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 25 and on that basis GPM denies the allegations contained in said paragraph. Except as expressly admitted herein, GPM denies the allegations in paragraph 25.

26.    Paragraph 26 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 26 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 26 and on that basis GPM denies the allegations contained in said paragraph. Except as expressly admitted herein, GPM denies the allegations in paragraph 26.

27.    Paragraph 27 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 27 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 27 and on that basis GPM denies the allegations contained in said paragraph. Except as expressly admitted herein, GPM denies the allegations in paragraph 27.

28.    Paragraph 28 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 28

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.

3:08-CV-02201-WHA

requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 28 and on that basis GPM denies the allegations contained in said paragraph. Except as expressly admitted herein, GPM denies the allegations in paragraph 28.

29.    Paragraph 29 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 29 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 29 and on that basis GPM denies the allegations contained in said paragraph. Except as expressly admitted herein, GPM denies the allegations in paragraph 29.

30.    GPM admits that it received at least one loan application submitted on behalf of Plaintiff by defendant Capitol Mortgage that was signed by defendant Rawls. GPM lacks knowledge or information sufficient to either admit or deny as to whether or not defendant Rawls provided loan applications to any other defendants listed in paragraph 30.

31.    Paragraph 31 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 31 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 31 and on that basis GPM denies the allegations contained in said paragraph. Except as expressly admitted herein, GPM denies the allegations in paragraph 31.

32.    GPM admits only that it funded two loans secured by the property located at 95 Cleopatra Drive, Pleasant Hill, California (the "PROPERTY") based on an application submitted by defendant Capitol Mortgage on behalf of Plaintiff for a refinance. GPM also admits that some of the proceeds from the two loans funded by GPM were used to pay off loans that were held by GMAC Mortgage Corp and Wells Fargo Home Equity. GPM lacks information or knowledge to either admit or deny that Defendant Teeter brokered or that Capital One funded a refinance loan secured by

-8-

1    the PROPERTY and on that basis denies said allegations. GPM denies all other allegations

2    contained in paragraph 32.

3        33.    GPM denies the allegations contained in paragraph 33 and states that according to

4    GPM's records, the loan closing was consummated on June 28, 2006. Furthermore, GPM states that

5    the loan closing would not have been conducted by GPM and would have been conducted by the

6    title escrow company, which GPM believes was Chicago Title.

7        34.    GPM lacks sufficient knowledge, information or belief as to the location of the loan

8    closing as it was not conducted by GPM and on that basis GPM denies said allegations contained in

9    said paragraph.

10        35.    GPM lacks sufficient knowledge, information or belief as to Plaintiffs purpose for

11    refinancing his prior loans and on that basis GPM denies said allegations contained in said

12    paragraph.

13        36.    Paragraph 36 does not contain any material allegations concerning GPM and, on that

14    basis, GPM does not respond to the statements contained therein. To the extent that paragraph 36

15    requires an answer, GPM admits only that the document cited therein speaks for itself. Except as

16    expressly admitted herein, GPM denies the allegations in paragraph 36.

17        37.    GPM admits only that the document cited in paragraph 37 speaks for itself. GPM

18    states that the document attached to the Complaint as Exhibit B and referenced in paragraph 37 is

19    not the Settlement Statement as referred to by Plaintiff, but is instead page 3 of an 8 page document

20    entitled "Lenders Closing Instructions" relating to loan number 0090025164.

21        38.    GPM admits only that the document cited in paragraph 38 speaks for itself. GPM

22    states that the document attached to the Complaint as Exhibit B and referenced in paragraph 37 is

23    not the Settlement Statement as referred to by Plaintiff, but is instead page 3 of an 8 page document

24    entitled "Lenders Closing Instructions" relating to loan number 0090025172.

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.                                    3:08-CV-02201-WHA

39.    Paragraph 39 states a conclusion of law to which no response is required. To the extent that paragraph 39 requires an answer, GPM denies all allegations contained in said paragraph.

40.    GPM denies all allegations contained in said paragraph.

41.    GPM denies all allegations contained in said paragraph.

42.    GPM denies all allegations contained in said paragraph.

43.    GPM denies all allegations contained in said paragraph. Furthermore, GPM lacks knowledge or information sufficient to either admit or deny what understanding Plaintiff had and what information he received.

44.    GPM lacks knowledge or information sufficient to either admit or deny whether or not Plaintiff was led to believe that his loan would have at most a one-year prepayment penalty and on that basis denies said allegation. GPM admits only that the document cited in paragraph 44 and attached to the Complaint as Exhibit D speaks for itself. Except as expressly admitted herein, GPM denies the allegations in paragraph 44.

45.    GPM denies all allegations contained in said paragraph.

46.    GPM denies all allegations contained in said paragraph. Furthermore, GPM lacks knowledge or information sufficient to either admit or deny what understanding Plaintiff had and what information he received.

47.    Paragraph 47 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 47 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 47 and on that basis GPM denies the allegations contained in said paragraph. Except as expressly admitted herein, GPM denies the allegations in paragraph 47.

48.    Paragraph 48 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 48

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.

3:08-CV-02201-WHA

requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 48 and on that basis GPM denies the allegations contained in said paragraph. Except as expressly admitted herein, GPM denies the allegations in paragraph 48.

49.    Paragraph 49 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.  To the extent that paragraph 49 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 49 and on that basis GPM denies the allegations contained in said paragraph. Except as expressly admitted herein, GPM denies the allegations in paragraph 49.

50.    Paragraph 50 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.  To the extent that paragraph 50 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 50 and on that basis GPM denies the allegations contained in said paragraph. Except as expressly admitted herein, GPM denies the allegations in paragraph 50.

## COUNT I
### RESPA VIOLATIONS
### (AGAINST DEFENDANT GREENPOINT AND DEFENDANT CAPITAL ONE)

51.    GPM hereby incorporates by reference, as if fully set forth herein, its answers and responses in paragraphs 1 through 50 above.

52.    Paragraph 52 states a conclusion of law to which no response is required.  To the extent a response is required, GPM denies the allegations contained in paragraph 52.

53.    Paragraph 53 states conclusions of law to which no response is required.  To the extent a response is required, GPM denies the allegations contained in paragraph 53.

54.    Paragraph 54 states conclusions of law to which no response is required.  To the extent a response is required, GPM denies the allegations contained in paragraph 54.

-11-

55.    Paragraph 54 states conclusions of law to which no response is required.    To the extent a response is required, GPM denies the allegations contained in paragraph 55.

56.    GPM denies the allegations contained in said paragraph.

## COUNT II
### RESPA VIOLATIONS
**(AGAINST DEFENDANT CAPITOL MORTGAGE, DEFENDANT TEETER, DEFENDANT NAFAI AND DEFENDANT RAWLS)**

57.    GPM hereby incorporates by reference, as if fully set forth herein, its answers and responses in paragraphs 1 through 56 above.

58.    Count II clearly does not apply to GPM and therefore paragraph 58 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.    To the extent that paragraph 58 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 58 and on that basis GPM denies the allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the allegations in paragraph 58.

59.    Count II clearly does not apply to GPM and therefore paragraph 59 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.    To the extent that paragraph 59 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 59 and on that basis GPM denies the allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the allegations in paragraph 59.

60.    Count II clearly does not apply to GPM and therefore paragraph 60 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.    To the extent that paragraph 60 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.                                                    3:08-CV-02201-WHA

1

2

paragraph 60 and on that basis GPM denies the allegations contained in said paragraph.  Except as expressly admitted herein, GPM denies the allegations in paragraph 60.

3

4

5

6

7

8

9

61.    Count II clearly does not apply to GPM and therefore paragraph 61 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.  To the extent that paragraph 61 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 61 and on that basis GPM denies the allegations contained in said paragraph.  Except as expressly admitted herein, GPM denies the allegations in paragraph 61.

10

11

12

13

14

15

16

62.    Count II clearly does not apply to GPM and therefore paragraph 62 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.  To the extent that paragraph 62 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 62 and on that basis GPM denies the allegations contained in said paragraph.  Except as expressly admitted herein, GPM denies the allegations in paragraph 62.

17

18

19

**COUNT III**
**CIVIL RICO**
**(AGAINST DEFENDANT GREENPOINT, DEFENDANT CAPITAL ONE,**
**DEFENDANT TEETER, DEFENDANT NAFAI AND DEFENDANT RAWLS)**

20

21

22

63.    Paragraph 63 states a conclusion of law to which no response is required.  To the extent a response is required, GPM states that the statute cited in said paragraph speaks for itself.  Except as expressly admitted herein, GPM denies the allegations in paragraph 63.

23

24

25

26

64.    Paragraph 64 states a conclusion of law to which no response is required.  To the extent a response is required, GPM states that the statute cited in said paragraph speaks for itself.  Except as expressly admitted herein, GPM denies the allegations in paragraph 64.

27

65.    Paragraph 65 states a conclusion of law to which no response is required.

28

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.

3:08-CV-02201-WHA

66.     Paragraph 66 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein. To the extent that paragraph 66 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 66 and on that basis GPM denies the allegations contained in said paragraph. Except as expressly admitted herein, GPM denies the allegations in paragraph 66.

67.     GPM denies the allegations contained in paragraph 67.

68.     Paragraph 68 states a conclusion of law to which no response is required. To the extent a response is required, GPM denies all the allegations contained in paragraph 68, including subparagraphs a, b and c.

69.     Paragraph 69 states a conclusion of law to which no response is required. To the extent a response is required, GPM denies all the allegations contained in paragraph 69.

70.     Paragraph 70 states a conclusion of law to which no response is required. To the extent a response is required, GPM denies all the allegations contained in paragraph 70.

71.     GPM denies the allegations contained in paragraph 71.

72.     GPM denies the allegations contained in paragraph 72.

73.     Paragraph 73 states a conclusion of law to which no response is required. To the extent a response is required, GPM denies all the allegations contained in paragraph 73.

74.     Paragraph 74 states a conclusion of law to which no response is required. To the extent a response is required, GPM denies all the allegations contained in paragraph 74.

75.     GPM denies the allegations contained in paragraph 75.

///

///

///

///

-14-

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.                                3:08-CV-02201-WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT IV
## BREACH OF FIDUCIARY DUTY
### (AGAINST DEFENDANT CAPITOL MORTGAGE, DEFENDANT TEETER, DEFENDANT NAFAI AND DEFENDANT RAWLS)

76.    GPM hereby incorporates by reference, as if fully set forth herein, its answers and responses in paragraphs 1 through 75 above.

77.    Count IV clearly does not apply to GPM and therefore paragraph 77 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.   To the extent that paragraph 77 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 77 and on that basis GPM denies the allegations contained in said paragraph.   Except as expressly admitted herein, GPM denies the allegations in paragraph 77.

78.    Count IV clearly does not apply to GPM and therefore paragraph 78 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.   To the extent that paragraph 78 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 78 and on that basis GPM denies the allegations contained in said paragraph.   Except as expressly admitted herein, GPM denies the allegations in paragraph 78.

79.    Count IV clearly does not apply to GPM and therefore paragraph 79 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.   To the extent that paragraph 79 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 79 and on that basis GPM denies the allegations contained in said paragraph.   Except as expressly admitted herein, GPM denies the allegations in paragraph 79.

///

-15-

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.

3:08-CV-02201-WHA

**COUNT V**
**DECEIT AS DEFINED IN CALIFORNIA CIVIL CODE §§1709-1710**
**(AGAINST DEFENDANT CAPITOL MORTGAGE, DEFENDANT TEETER,**
**DEFENDANT NAFAI AND DEFENDANT RAWLS)**

80.    GPM hereby incorporates by reference, as if fully set forth herein, its answers and responses in paragraphs 1 through 79 above.

81.    Count V clearly does not apply to GPM and therefore paragraph 81 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.    To the extent that paragraph 81 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 81 and on that basis GPM denies the allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the allegations in paragraph 81.

82.    Count V clearly does not apply to GPM and therefore paragraph 82 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.    To the extent that paragraph 82 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 82 and on that basis GPM denies the allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the allegations in paragraph 82.

83.    Count V clearly does not apply to GPM and therefore paragraph 83 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.    To the extent that paragraph 83 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 83 and on that basis GPM denies the allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the allegations in paragraph 83.

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.

3:08-CV-02201-WHA

84.    Count V clearly does not apply to GPM and therefore paragraph 84 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.    To the extent that paragraph 84 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 84 and on that basis GPM denies the allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the allegations in paragraph 84.

85.    Count V clearly does not apply to GPM and therefore paragraph 85 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.    To the extent that paragraph 85 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 85 and on that basis GPM denies the allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the allegations in paragraph 85.

86.    Count V clearly does not apply to GPM and therefore paragraph 86 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.    To the extent that paragraph 86 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 86 and on that basis GPM denies the allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the allegations in paragraph 86.

87.    Count V clearly does not apply to GPM and therefore paragraph 87 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.    To the extent that paragraph 87 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 87 and on that basis GPM denies the allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the allegations in paragraph 87.

-17-

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.

3:08-CV-02201-WHA

1

2

3

4

5

6

7

88.    Count V clearly does not apply to GPM and therefore paragraph 88 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.    To the extent that paragraph 88 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 88 and on that basis GPM denies the allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the allegations in paragraph 88.

8

9

10

11

12

13

14

89.    Count V clearly does not apply to GPM and therefore paragraph 89 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.    To the extent that paragraph 89 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 89 and on that basis GPM denies the allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the allegations in paragraph 89.

15

16

17

18

19

20

21

90.    Count V clearly does not apply to GPM and therefore paragraph 90 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.    To the extent that paragraph 90 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 90 and on that basis GPM denies the allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the allegations in paragraph 90.

22

23

24

25

26

27

28

91.    Count V clearly does not apply to GPM and therefore paragraph 91 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.    To the extent that paragraph 91 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 91 and on that basis GPM denies the allegations contained in said paragraph.    Except as expressly admitted herein, GPM denies the allegations in paragraph 91.

-18-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

92.    Count V clearly does not apply to GPM and therefore paragraph 92 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.  To the extent that paragraph 92 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 92 and on that basis GPM denies the allegations contained in said paragraph.  Except as expressly admitted herein, GPM denies the allegations in paragraph 92.

93.    Count V clearly does not apply to GPM and therefore paragraph 93 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.  To the extent that paragraph 93 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 93 and on that basis GPM denies the allegations contained in said paragraph.  Except as expressly admitted herein, GPM denies the allegations in paragraph 93.

94.    Count V clearly does not apply to GPM and therefore paragraph 94 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.  To the extent that paragraph 94 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 94 and on that basis GPM denies the allegations contained in said paragraph.  Except as expressly admitted herein, GPM denies the allegations in paragraph 94.

95.    Count V clearly does not apply to GPM and therefore paragraph 95 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.  To the extent that paragraph 95 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 95 and on that basis GPM denies the allegations contained in said paragraph.  Except as expressly admitted herein, GPM denies the allegations in paragraph 95.

-19-

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.

3:08-CV-02201-WHA

96.    Count V clearly does not apply to GPM and therefore paragraph 96 does not contain any material allegations concerning GPM and, on that basis, GPM does not respond to the statements contained therein.   To the extent that paragraph 96 requires an answer, GPM lacks sufficient knowledge, information or belief to either admit or deny the allegations contained in paragraph 96 and on that basis GPM denies the allegations contained in said paragraph.   Except as expressly admitted herein, GPM denies the allegations in paragraph 96.

### "PRAYER FOR RELIEF"

97.    GPM denies that Plaintiffs and the putative class are entitled to any relief, including but not limited to the relief sought in sub-parts a through f of the "Prayer for Relief."

WHEREFORE, GPM seeks relief in its favor as prayed for herein, including a judgment in its favor, dismissal of this action, an award of costs, an award of reasonable attorneys' fees, and such other and further relief as the Court deems appropriate.

Defendant GPM does not request a jury trial on any issues.

### AFFIRMATIVE DEFENSES OF
### DEFENDANT GREENPOINT MORTGAGE FUNDING, INC.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action, or causes of action, against GPM.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action therein, fails to state a cause of action or causes of action appropriate for equitable relief against GPM.

///

///

-20-

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.

3:08-CV-02201-WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the statutes of limitation governing RESPA and Civil RICO.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, by waiver, estoppel, release, unclean hands, laches or other equitable doctrines.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed and refused to reduce and mitigate their alleged damages arising from the matters referred to in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff was careless and negligent and at fault in and about the matters complained of, and such carelessness, negligence and fault, proximately and concurrently caused the alleged damages sustained by Plaintiff, and under the principles of comparative fault, Plaintiff must bear sole or partial responsibility for their injuries, damaged, and/or other alleged loss, if any there be, based on the percentage allocation of Plaintiff's fault or negligence.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, because Plaintiff acquiesced in or consented to the acts and omissions alleged in the Complaint, or benefited from the acts or omissions, and accepted any and all loan terms and conditions agreed to.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action therein, is barred in that Plaintiff did not justify, or in fact, rely on any representation of GPM.

///

///

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.                                                          3:08-CV-02201-WHA

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action therein, is barred in whole or in part in that the damage or damages alleged therein were not proximately caused by the alleged acts, omissions or transactions set forth in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action therein, is barred in that at all times GPM acted in good faith.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, to the extent they are based on the acts or omissions of third parties not under the control of GPM.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed, refused and/or neglected to take reasonable steps to mitigate their damages, if any, thus barring or diminishing any recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, because GPM has committed no act or omission causing damage to Plaintiffs.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages to the extent such damages would violate provisions of the United States Constitution, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments.

### FIFTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, answering defendant GPM alleges that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Accordingly, answering defendant GPM

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.                                    3:08-CV-02201-WHA

reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

Wherefore, GPM asks judgment as follows:

1. That Plaintiff takes nothing by his Complaint or any claim for relief therein;

2. That the Complaint as against GPM be dismissed with prejudice;

3. That GPM be awarded its costs and attorney's fees herein; and

4. For such other and further relief as the Court deems just and proper.

Dated: June 23, 2008                          ARLAS & SMITHTON

                                              _____/s/_____
                                              RONALD M. ARLAS, ESQ.
                                              Attorney for Defendant
                                              GREENPOINT MORTGAGE FUDING, INC.

\Legal\PLEADING\Ouziz v Capital One\Answer of GPM 6.08.doc

ANSWER OF DEFENDANT GREENPOINT
MORTGAGE FUNDING, INC.                                    3:08-CV-02201-WHA