United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAROUANE OUZIZ,

    Plaintiff,

  v.

CAPITAL ONE SERVICES, GREGORY
TEETER, individually and as agent for
CAPITOL MORTGAGE CORPORATION,
AMANDA RAWLS, individually and as agent
for CAPITOL MORTGAGE
CORPORATION, and KEVEN NAFAI,

    Defendants.

                               /

No. C 08-02201 WHA

**ORDER DENYING
PLAINTIFF'S MOTION
TO AMEND AND
VACATING HEARING**

Plaintiff Marouane Ouziz moves for leave to file a first amended complaint pursuant to FRCP 15(a). FRCP 15(a) provides that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. Responsive pleadings were filed in this action more than four months ago. Once a party has been served with a responsive pleading, the "party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Defendant GreenPoint Mortgage Funding, Inc., has filed an opposition to plaintiff's motion for leave to amend. A district court should nonetheless freely give leave to amend when justice so requires, absent a showing of bad faith, dilatory motive, or undue prejudice to another party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Pursuant to the case management order governing this case, the parties were given until October 30, 2008, to seek leave to amend pleadings or add new parties. Plaintiff filed this

1  motion one day earlier.  Though filed just in the nick of time, plaintiff failed in the process to
2  supply a proposed amended complaint in contravention of the Northern District of California's
3  Local Rules of Practice in Civil Proceedings.  Civil Local Rule 10-1 provides that "[a]ny party
4  filing or moving to file an amended pleading must reproduce the entire proposed pleading and
5  may not incorporate any part of a prior pleading by reference."  It is the proposed amended
6  pleading that allows a court to review changes and determine whether "justice requires"
7  granting leave to amend.
8      Instead of supplying the proposed amended complaint, plaintiff's counsel supplied an
9  amended complaint he filed on behalf of a different plaintiff in a different action pending
10  before the Northern District of California, *Allan v. GreenPoint*, Case No. 08-01534 MHP
11  (N.D. Cal).  His rationale is that "the facts, allegations, causes of action and relief requested in
12  the two cases are nearly identical" and that his amended complaint in this action is "very near
13  complete" as evidenced by his filing in the other action.  This rationale is unavailing.  Were it
14  true that the two amended complaints "are nearly identical" then presumably plaintiff's
15  counsel would not have been unduly burdened by supplying the proposed amended complaint
16  in this action in October when he filed the other.  Moreover, plaintiff's assertion that the
17  proposed amended complaint "is very nearly complete" is belied by the fact that, even now,
18  more than one month after moving for leave to amend, plaintiff has yet to supply it.
19      For the foregoing reasons, plaintiff's motion for leave to amend is **DENIED** without
20  prejudice.  Should he chose to renew his motion, he must do so in accordance with Civil Local
21  Rule 10-1.  In addition, because the deadline for filing such a motion has elapsed, the
22  presumption underlying FRCP 15(a) that leave to amend shall be freely given is no longer in
23  force.  FRCP 16 is now in play.  FRCP 16 allows a party to seek relief from court-imposed
24  deadlines only upon a showing of good cause.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271,
25  1294 (9th Cir. 2000).  The focus is on the diligence of the party seeking amendment.
26  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Any renewed
27  motion for leave to amend had better present a good reason to grant such leave.  Finding no
28

further argument necessary, the hearing set for December 11, 2008, at 8:00 a.m. is hereby **VACATED**.

    **IT IS SO ORDERED.**

Dated: December 4, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE